UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. 23-81019-CIV-CANNON/Reinhart

**LADENBURG THALMANN & CO. INC.**,

    Plaintiff,
v.

**BRIGHT MOUNTAIN MEDIA, INC.**,

    Defendant.
_____/

**ORDER ACCEPTING IN PART AND REJECTING IN PART
REPORT AND RECOMMENDATION [ECF No. 114]**

**THIS CAUSE** comes before the Court upon Plaintiff's Renewed Motion for Attorneys' Fees and Costs (the "Motion"), filed on February 19, 2025 [ECF No. 105].[1]  The Court referred the Motion to Magistrate Judge Bruce Reinhart for a report and recommendation [ECF No. 106]. On May 21, 2025, Magistrate Judge Reinhart issued the instant Report and Recommendation (the "Report"), recommending that Plaintiff's Motion be granted in part and denied in part and awarding Plaintiff $230,341.50 in attorneys' fees, $19,639.32 in costs, and $20,840.83 in expert fees [ECF No. 114].  In reaching its fee recommendation, the Report applied a ten-percent reduction across the board after concluding that Plaintiff engaged in block billing, charged excessive time for simple tasks or failed to delegate them, provided vague time entries, and billed for clerical work [ECF No. 114 pp. 1–13].  Defendant filed an Objection to the Report, critiquing the Report's ten-percent reduction as arbitrary and unjustified and reaffirming its view that a 50 percent reduction is warranted given the severity and volume of Plaintiff's billing errors [ECF No.

---

[1] For purposes of this Order, references to "Plaintiff" signify Plaintiff's legal team, comprised of three attorneys (one partner, one counsel, and one associate) and one paralegal.

Case 9:23-cv-81019-AMC   Document 120   Entered on FLSD Docket 07/14/2025   Page 2 of 11

CASE NO. 23-81019-CIV-CANNON/Reinhart

117]. Plaintiff then filed a Response to Defendant's Objections [ECF No. 118], to which Defendant replied [ECF No. 119].

For the reasons set forth below, and fully advised in the premises, the Report [ECF No. 114] is **ACCEPTED IN PART AND REJECTED IN PART**, and Plaintiff's Motion [ECF No. 105] is **GRANTED IN PART AND DENIED IN PART**. The Court determines that a twenty-five percent across-the-board reduction in Plaintiff's compensable hours properly balances Plaintiff's documented billing errors while maintaining regard for Plaintiff's reasonable fees as charged in this case. The Court accordingly reduces Plaintiff's requested attorneys' fees from $255,935.00 to $201,122.50, leaving untouched the $20,840.83 in unobjected-to expert fees and $19,639.32 in costs [ECF No. 114 pp. 13–15].

## RELEVANT BACKGROUND AND PROCEDURAL HISTORY

The Court provides brief factual and procedural context necessary to address Plaintiff's Motion and the Report.

This case began in July 2023 upon the filing of Plaintiff's single-count Complaint for breach of contract [ECF No. 1]. Defendant answered and asserted several affirmative defenses [ECF No. 7]; the parties engaged in discovery for approximately ten months [ECF No. 12]; and both parties filed cross motions for summary judgment in July 2024 [ECF Nos. 56, 60], along with additional substantive motions [ECF Nos. 53–54, 61].

In November 2024, the Court granted Plaintiff's Motion for Summary Judgment, denied Defendant's Motion for Summary Judgment, and entered judgment as a matter of law in favor of Plaintiff on its sole breach of contract claim [ECF Nos. 56, 60, 89]. The Court thereafter entered Final Judgment in favor of Plaintiff, awarding $1,691.366.79 in compensatory damages to Plaintiff plus post-judgment interest. Approximately one month after the Court's grant of summary judgment, Defendant filed a Motion for Reconsideration [ECF No. 95] and a separate Motion to

Stay Enforcement of the Judgment under Rule 62(b) pending consideration of the Motion for Reconsideration and a forthcoming appeal [ECF No. 96]. In the meantime, Plaintiff filed an initial Motion for Attorneys' Fees, which the Court denied without prejudice to be refiled following resolution of Defendant's post-judgment Motions [ECF Nos. 93, 98]. Then, in January 2025, the Court denied Defendant's Motion for Reconsideration and granted its Motion to Stay Enforcement of the Judgment pending appeal [ECF Nos. 103–104]. Defendant's appeal of the Court's Final Judgment and Order Denying Defendant's Motion for Reconsideration remains pending before the Eleventh Circuit [ECF No. 108] (11th Cir. Case No. 25-10641).[2]

Immediately after the Court denied reconsideration and stayed the judgment pending appeal, Plaintiff filed the instant Renewed Motion for Attorneys' Fees and Costs [ECF No. 105]. The Motion requests $255,935.00 in attorneys' fees based on 572.5 hours at $350 an hour for an associate, $150 an hour for a paralegal, and $500 for a partner or counsel; $19,839.32 in costs; and $20,840.83 in net expert fees pursuant to the Attorneys' Fees Provision of the parties' Investment Banking Agreement (the "IBA") [ECF No. 105 pp. 2, 5]. *See Brickell Bay Club Condo. Ass'n, Inc. v. Forte*, 397 So. 2d 959, 960 (Fla. Dist. Ct. App. 1981) (depriving courts of discretion not to enforce a prevailing party fee provision in a private contracts). As detailed above, the Report recommends that the Motion be granted in part and denied in part and that the Court reduce Plaintiff's requested attorneys' fees by ten-percent overall due to billing errors of various kinds [ECF No. 114].

The Report is ripe for adjudication [ECF Nos. 116–119].

---

[2] Neither party requests to stay resolution of this Motion pending the ongoing appeal [ECF No. 114 p. 1].

CASE NO. 23-81019-CIV-CANNON/Reinhart

**LEGAL STANDARDS**

To challenge the findings and recommendations of a magistrate judge, a party must file specific written objections identifying the portions of the proposed findings and recommendation to which objection is made. *See* Fed. R. Civ. P. 72(b)(3); *Heath v. Jones*, 863 F.2d 815, 822 (11th Cir. 1989); *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006). A district court reviews de novo those portions of the report to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1). To the extent a party fails to object to parts of the magistrate judge's report, the Court may accept the recommendation so long as there is no clear error on the face of the record. *Macort*, 208 F. App'x at 784.

**DEFENDANT'S OBJECTION TO THE REPORT AND PLAINTIFF'S RESPONSE**

As noted, the Report concludes that a ten-percent across-the-board fee reduction is warranted because Plaintiff's Counsel engaged in block billing, provided vague entries, charged excessive time for some simple tasks or failed to delegate them, and billed for clerical work [ECF No. 114 p. 8].[3]

Defendant objects to the Report's ten-percent reduction as arbitrarily low and unjustified [ECF No. 117 p. 1]. In particular, Defendant argues that the Report fails to articulate the reasoning behind its reduction to the degree required by the Eleventh Circuit, and that a fifty-percent reduction is more appropriate given the severity and volume of Plaintiff's billing errors, catalogued by Defendant in an "objection chart" attached to its Opposition [ECF No. 117 pp. 3–4); ECF No. 119; ECF No. 109-1 (objection chart)]. In response, Plaintiff defends the Report's election of a

---

[3] Defendant does not challenge Plaintiff's entitlement to reasonable attorneys' fees. Nor does Defendant object to the reasonableness of counsel's hourly rate or to Plaintiff's entitlement to costs and expert fees [ECF Nos. 117, 119]. The Court sees no clear error in either determination and therefore accepts those unobjected-to aspects of the Report [ECF No. 114 pp. 13–15].

ten-percent reduction, arguing that any increase above that figure would be unduly punitive because Defendant has exaggerated Plaintiff's block billing accusations [ECF No. 118]. Defendant then reiterates its position in Reply, emphasizing that its "objection chart showed that over 40% of entries were block billed, nearly 60% were vague, over 58% reflected a failure to delegate, and over 15% involved clerical work"—all of which make the Report's application of a ten-percent reduction insufficient [ECF No. 119 p. 2].

## LEGAL STANDARDS

When calculating attorneys' fees, "court 'must do more than eyeball the request and if it seems excessive cut it down by an arbitrary percentage.'" *Johnston v. Borders*, 36 F.4th 1254, 1287 (11th Cir. 2022) (quoting *Heiar v. Crawford Cnty.*, 746 F.2d 1190, 1204 (7th Cir. 1984)). The court may apply either "an hour-by-hour analysis" or "an across-the-board reduction of the requested compensable hours"—"not both." *Bivins v. Wrap It Up, Inc.*, 548 F.3d 1348, 1351 (11th Cir. 2008). "If the court concludes that the number of claimed hours is excessive, it may engage in 'an across-the-board cut,' so long as it provides adequate explanation for the decrease." *Galdames v. N & D Inv. Corp.*, 432 F. App'x 801, 806 (11th Cir. 2001). Courts "need not engage in an hour-by-hour analysis" when "the fee motion and supporting documents are so voluminous" that "an hour-by-hour review is simply impractical and a waste of judicial resources." *Loranger v. Stierheim*, 10 F.3d 776, 783 (11th Cir. 1994). Rather, "the court must 'provide a concise but clear explanation of its reasons for the fee award.'" *In re Home Depot Inc.*, 931 F.3d 1065, 1089 (11th Cir. 2019) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983)). "[T]rial courts need not, and indeed should not, become green-eyeshade accountants." *Fox v. Vice*, 563 U.S. 826, 838 (2011). "The essential goal . . . is to do rough justice, not to achieve auditing perfection." *Id*.

Courts have reduced compensable hours from ten-percent to sixty-percent depending on the type, severity, and pervasiveness of the billing errors. *See e.g.,*

5

*Ceres Env't Servs., Inc. v. Colonel McCrary Trucking*, LLC, 476 F. App'x 198, 203 (11th Cir. 2012) (affirming 10% reduction in hours due to block billing); *Valencia v. Affiliated Grp., Inc.*, 674 F. Supp. 2d 1300, 1311 (S.D. Fla. 2009) (reducing hours by 60% to combat overbilling); *Procaps S.A. v. Patheon Inc.*, No. 12-24356-CIV, 2013 WL 6238647, at *17 (S.D. Fla. Dec. 3, 2013) (imposing additional 5% reduction on top of plaintiff's voluntary 20% reduction due to block billing); *James v. Wash Depot Holdings, Inc.*, 489 F. Supp. 2d 1341, 1353 (S.D. Fla. 2007) (reducing hours by 50% for failure to segregate time spent on successful and unsuccessful claims and billing for clerical work at senior attorney and partner rates); *Rubenstein v. Fla. Bar*, No. 14-CV-20786, 2015 WL 1470633, at *4 (S.D. Fla. Mar. 31, 2015), *report and recommendation adopted*, No. 14-CIV-20786, 2015 WL 11216722 (S.D. Fla. Apr. 22, 2015) (reducing hours by 30% due to excessive work and redundant entries). Courts have discretion in this regard so long as the reduction is not arbitrary and is adequately explained. *In re Home Depot Inc.*, 931 F.3d 1065, 1089 (11th Cir. 2019).

## DISCUSSION

Upon a de novo review of the Report in light of Defendant's Objection and Plaintiff's Response, the Court agrees in part with Defendant that a greater reduction in Plaintiff's proposed hours is warranted given Plaintiff's billing errors of various types.

*First*, the record is clear that Plaintiff's time sheet is marked by significant billing errors indicative of partially unreasonable fees: block-billing, excessive billing for simple tasks, failure to delegate, and vague entries. Of the 572.5 hours billed by Plaintiff [ECF No. 105], Defendant identifies credible objections to a significant number of them, addressed in topical categories below [ECF No. 109-1].

Starting with block-billing, the Court finds that roughly 40% of Plaintiff's entries are block-billed. Representative samples are reproduced below and addressed in part in the Report:

6

- July 11, 2023. 2.6 Hours. "Email with PTR regarding complaint, edits and exhibits; redaction of account numbers; prepared civil cover sheet; emailed civil cover sheet for review; edits of drafted complaint with exhibits, civil cover sheet, and summons; reviewed edits to summons; prepared, reviewed and revised email to attorneys regarding final edits to civil cover sheet and summons; E-filed complaint with exhibits, civil cover sheet, and summon."

- September 18, 2023. 4.1 Hours. "Reviewed pleadings and client documents; prepared draft of first request for production of documents; prepared draft of interrogatories."

- September 20, 2023. 1.2 Hours. "Varied emails with counsel regarding mediation filing and mediator; reviewed and revised draft request for interrogatories and requests for documents; contacted counsel regarding missing substitution of counsel; reviewed adversary's substititon [sic] filing and related correspondence"

- November 25, 2025. 1.6 Hours. "Reviewed defendant's responses to document request and interrogatories; prepared outline of response; Reviewed and revised defendant's draft of protective order; prepared, reviewed and revised correspondence to counsel; prepared, reviewed and revised draft discovery status report for review by adversary"

- December 1, 2023. 1.8 Hours. "Reviewed filed joint protective order; prepared correspondence to Hawthorne; reviewed revised joint order; prepared correspondence to Hawthorne requesting he file correct proposed order receipt and review of order granting and denying the stipulated protective order; reviewed second order; reviewed witness 30(b)(6) designations; varied emails regarding the location of deposition; reviewed local rules and federal rules regarding"

- February 25, 2024. 3.2 Hours. "Prepared response to mediator questions; continued review of documents for mediation and depositions; reviewed emails and attachments for discovery purposes and mediation; prepared Attorney Notes memo for mediation; reviewed Mark Green's documents and notes for mediation"

- May 14, 2024. 4.4 Hours. "Varied emails regarding the location of Expert Depositions; multiple emails and reviews of expert rebuttal; reviewed SEC filings regarding ownership by CLP of BMTM; Telephone conference with expert regarding rebuttal; reviewed final expert rebuttal and served same; reviewed defense expert rebuttal"

- June 3, 2024. 6.5 Hours. "Revised and finalized Statement of Material Facts and record citations in the memorandum of law; reviewed and redacted exhibits to Green declaration; Reviewed and revised statement of material facts; Reviewed and revised joint statement of undisputed facts; multiple Telephone conferences with Hawthorne regarding Joint statement; multiple revisions to joint statement; reviewed final version of statement of material facts, Green."

[ECF No. 105-1]. The Eleventh Circuit has made clear that block billing frustrates the Court's ability to determine the reasonableness of requested fees, and that is no less the case here given the magnitude of the block billing exhibited in Plaintiff's records. *Am. C.L. Union of Georgia v. Barnes*, 168 F.3d 423, 429 (11th Cir. 1999) ("The imprecision of the billing records submitted by the plaintiffs makes it difficult, if not impossible, to calculate with any precision the number of hours an attorney devoted to a particular task in this litigation.").

Beyond disfavored block-billing, many of Plaintiff's entries are vague and likewise not amenable to meaningful judicial review [ECF No. 114 p. 10 (chronicling counsel's vague entries like "correspondence" or "emails" or "varied emails," without further detail)]. These vagaries are not as pervasive as the block-billing, to be sure, but they still affect approximately 20% of Plaintiff's entries. Some additional examples include: "reviewed file" (February 7, 2024); "Conference call with Mark and Joe" (April 12, 2024); and "conference with Joe and Mark" (April 15, 2024) [ECF No. 105-1].

To add to the issues presented, Plaintiff's billing reveals excessive time billed for simple tasks, redundancies in billing, and an overall failure to reasonably delegate to junior associates or administrative staff. Examples in this area include excessive (and vague) billing by the assigned partner, including ".5 for correspondence on July 20, 2023"; .10 on an email on August 10, 2023; .6 for correspondence on September 15, 2023; .6 emails to coordinate a deposition on December 7, 2023; .8 email to clients on December 20, 2023" [ECF No. 114 p. 10 (citing ECF No. 105-1)]. The record also shows unjustified redundancies in billing[4] and frequent billing at partner rates for work that could have been done by an associate or a paralegal. Some examples include having a

---

[4] [ECF No. 105-1 (noting ".4 reviewed opposition to motion to strike jury demand" and ".3 for reviewed motion to strike jury demand and opposition," both at the partner level, without further explanation in entry].

partner (at $500 an hour) rather than the associate on the case draft notices of appearance (.2), research parol evidence (1.6) and diversity jurisdiction (2.5), engage in document review (exceeds ten hours but cannot be precisely determined due to block-billing), and review the Court's orders and procedures (4.4) [ECF No. 105]. *See Ursic v. Bethlehem Mines*, 719 F.2d 670, 677 (3d Cir. 1983) (disapproving of failure to delegate routine tasks to associates or administrative staff and proclaiming that [a] Michelangelo should not charge Sistine Chapel rates for painting a farmer's barn."); *CityPlace Retail, L.L.C. v. Wells Fargo Bank, N.A*., No. 18-CV-81689, 2021 WL 3361172, at *10 (S.D. Fla. Jan. 12, 2021). The Court also notes that Plaintiff improperly seeks a portion of the attorneys' fees for clerical work such as redactions, e-filing documents, and putting together hearing binders—some of which was done by a partner at $500 an hour [ECF No. 105-1]. It is well established that clerical work, even performed by attorneys, does not fall within the definition of "attorneys' fees," and there is nothing suggesting an expansion of that definition in the text of the governing Investment Banking Agreement. *See e.g., Jean v. Nelson*, 863 F.2d 759, 778 (11th Cir. 1988); *Gowen Oil Co. v. Abraham,* 511 F. App'x 930, 936 (11th Cir. 2013).

Ultimately, following careful review of both parties' positions and the full record, the Court agrees with Defendant in part that Plaintiff neither used resources efficiently nor memorialized time spent in the well-established manner required for the Court to evaluate the reasonableness of its entries.

***Second***, in view of these errors, the Court determines that a twenty-five percent reduction—rather than the proposed ten percent cut as recommended in the Report—accurately captures a reasonable number of compensable hours billed in this matter. "[T]he Supreme Court requires fee applicants to exercise "billing judgment" and directs district courts to make "exclusions for excessive or unnecessary work" in their discretion. *Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1301 (11th Cir. 1988) (citing *Hensley v. Eckerhart*, 461 U.S. 424,

436 (1983). The Court thus exercises its billing judgment and determines that a twenty-five percent exclusion more accurately, and more fairly, captures the number of hours reasonably devoted to this matter over the course of this case. That figure considers the deficiencies noted above, ranging from block billing (at approximately 40 percent), vague entries (at approximately 20 percent, instances of excessive billing at partner rates, and inadequate delegation to associates and support staff. And it also seeks to reflect the overall sense of this case, which though not complex, did involve meaningful discovery over approximately ten months and various contested substantive motions over nearly two years, including cross motions for summary judgment, cross *Daubert* motions, a motion to strike jury demand, a motion for reconsideration along with a related motion to stay, and the instant fee motion [ECF Nos. 53–54, 61, 95–96, 105].

Therefore, the Court imposes a twenty-five percent reduction in hours totaling $201,122.50 in attorneys' fees, as detailed in the table below:

| Attorney | Position | Hours Requested | Hours with 25% Reduction | Hourly Rate | Total Amount Awarded |
|---|---|---|---|---|---|
| Jessica Drury | Associate | 109.6 | 82.2 | $350 | $28,770 |
| Jessica Morales | Paralegal | 3.8 | 2.85 | $150 | $427.50 |
| Mark Astarita | Partner | 337.1 | 252.35 | $500 | $126,175 |
| Patrick J. Rengstl | Counsel | 122 | 91.5 | $500 | $45,750 |

Although Defendant advocates in favor of a much higher fifty percent exclusion [ECF Nos. 109, 117, 119], the Court has considered that request and finds that such a proposal is unduly punitive and exaggerated in light of the reasonable work performed by Plaintiff in this case, despite the billing errors identified. This conclusion is bolstered by the observation that not every one of Plaintiff's entries features errors that impede the Court's reasonability assessment; but rather a smaller contingent of entries is afflicted by numerous billing errors at once. So while those

afflicted entries are all the more difficult to gauge, there is still a significant portion of Plaintiff's timesheet that adequately conveys the hours expended in this matter, rendering a fifty-percent exclusion unwarranted. "The essential goal in shifting fees (to either party) is to do rough justice, not to achieve auditing perfection." *Fox*, 563 U.S. at 838. The Court believes a twenty-five percent exclusion satisfies that expectation on this record.

## CONCLUSION

Accordingly, it is **ORDERED and ADJUDGED** as follows:

1. The Report and Recommendation [ECF No. 114] is **ACCEPTED IN PART AND REJECTED IN PART**.

2. Plaintiff's Renewed Motion for Attorneys' Fees and Costs [ECF No. 105] is **GRANTED IN PART AND DENIED IN PART**.

3. Plaintiff is entitled to $201,122.50 in attorneys' fees, $19,639.32 in costs and $20,840.83 in expert fees.

**DONE AND ORDERED** in Chambers at Fort Pierce, Florida this 12th day of July 2025.

                                                                                          **AILEEN M. CANNON**
                                                                                          **UNITED STATES DISTRICT JUDGE**

cc: counsel of record